DAVID E. SIERRA LOPEZ,

                Plaintiff,

v.                                                    Case No. 20-cv-1622-pp

JOHN DOE,
*Secretary of the Treasury Department*,

                Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 14), DENYING MOTION FOR PRELIMINARY INJUNCTION (DKT. NO. 2), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A AND DISMISSING CASE**

David E. Sierra Lopez, an inmate at Columbia Correctional Institution who is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his rights under federal law. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 14, resolves his motion for preliminary injunction, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 14)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C.

1

§1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id. The court calculates the initial partial filing fee using a formula in the statute. Id. The court's ability to calculate the initial partial filing fee is dependent upon the plaintiff providing the court with a copy of his prison trust account statement for the six-month period preceding the filing of the complaint. See id.

On November 5, 2020, the plaintiff filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 14. The plaintiff stated in the motion that he is unable to afford a certified copy of his trust account statement. Id. at 4. He also says that he is unable to apply for a legal loan to pay for a copy because his legal loan is closed for the rest of 2020. Id. He asks the court to allow him use money in his release account to pay for a copy. Id.

The court will waive the plaintiff's obligation to pay an initial partial filing fee and grant his motion for leave to proceed without prepaying the filing fee because 1) he has declared under penalty of perjury that he cannot afford a copy of his trust account statement and 2) for the reasons explained below, the plaintiff's complaint is frivolous and fails to state a claim. The court will require the plaintiff to pay the $350 filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a

governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

A "frivolous" complaint "lack[s] an arguable basis either in law or fact." Felton v. City of Chi., 827 F.3d 632, 635 (7th Cir. 2016) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). A complaint is factually frivolous if its allegations are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." Id. (quoting Denton v. Hernandez, 504 U.S. 25, 32–33 (1992)). Allegations that are merely "unlikely," "improbable," or "strange," do not meet this standard. Id. (quoting Denton, 504 U.S. at 33). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." Id. (quoting Neitzke, 490 U.S. at 327–28).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff sues John Doe, who the plaintiff says is the current secretary of the Treasury Department. Dkt. No. 1 at 2. He explains that Brown County Circuit Court charged him a recognizance bond that he signed without reading. Id. at 3. He asserts that he agreed to pay back the debt, but the court that heard his charges was a civil court and not a criminal court. Id. He also asserts that when he did not pay "the penal sum he went into a default judgment." Id. He asserts that "[e]very time he argued jurisdiction or refused to answer questions that the Brown County Circuit Court or judge addressed to him, he was in contempt of court." Id. The plaintiff contends that "the entire court process was a smoke screen to cover up what [h]as been done under

4

Case 2:20-cv-01622-PP   Filed 11/18/20   Page 4 of 8   Document 16

mercantile law." Id. at 3-4. He claims that the district court bought the Brown County Circuit Court's judgment. Id. at 4.

The plaintiff also discusses at length what he claims used to happen in England, his understanding of the purpose of bonds and the different kinds of bonds and how the Uniform Commercial Code applies to his current circumstances Id. at 4-7. He concludes that he "is the principal upon which all money circulates" and that "[h]e is the Fiduciary Trustee of the strawman," which "means he pays the strawman's debt to honor the Brown County Circuit Court!" Id. at 8.

The plaintiff seeks, among other forms of relief, a "preliminary and permanent injunction directing John Doe to take [the plaintiff's] fiduciary trustee's bank acceptance, to send his fiduciary trustee notice within thirty (30) days of John Doe's receipt of this Bill of Exchange and to return all capital and interest back to his fiduciary trustee . . . "; a "declaration that he is entitled to buy all court cases and judgments, past, present, and future, on any court whatsoever, and all bonds, orders, warrants, and other matters attached thereto or derived therefrom"; "a declaration that case no. 12-CF-1408 has been fully settled"; and a declaration that he should be released from custody. Id. at 12-13; Dkt. No. 2.

C.   Analysis

The claims in the complaint have the earmarks of the "Sovereign Citizens" movement. See El v. AmeriCredit Fin. Servs., Inc., 710 F.3d 748, 750 (7th Cir. 2013).

> As explained by the FBI, 'Sovereign citizens view the USG [U.S. government] as bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S. currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral. Sovereign citizens exploit this belief by filing fraudulent financial documents charging their debt to the Treasury Department.

Id. (citing Federal Bureau of Investigation, "Sovereign Citizens: An Introduction for Law Enforcement" 3 (Nov. 2010), http://info.public intelligence.net/FBI-SovereignCitizens.pdf ).

Courts have characterized sovereign citizen theories as legally frivolous, without any conceivable validity. See United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). The Seventh Circuit has instructed that "[t]hese theories should be rejected summarily, however they are presented." Id. at 767. The court will deny the plaintiff's motion for a preliminary injunction and dismiss this case because the plaintiff's allegations are frivolous and fail to state a claim.

To the extent the plaintiff has made reasonable arguments about why he is wrongfully incarcerated and should be released from custody, the court cannot grant relief on those claims because "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement." Heck v. Humphrey, 512 U.S. 477, 481 (1994).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 14.

The court **DENIES** the plaintiff's motion for preliminary injunction. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the complaint fails to state a claim and is frivolous. The clerk will enter judgment accordingly.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g).

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$350** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff is transferred to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a

party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within twenty-eight days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 18th day of November, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**